UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

## JS - 6

| Case No. | CV 08-3893 DSF (JWJx) | Date | 08/19/08 |
|---|---|---|---|
| Title | Cheryl Jones, et al. v. SmithKline Beecham Corp., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiffs' Motion to Remand to State Court And DENYING Motion for Leave to File First Amended Complaint as Moot (Docket Nos. 16 & 17)

Before the Court is Plaintiffs' Motion to Remand to State Court. Plaintiffs contend, among other arguments, that the parties are not diverse. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, the Court GRANTS Plaintiffs' Motion to Remand and DENIES as moot Plaintiffs' Motion for Leave to File First Amended Complaint.

## I. FACTS

Plaintiffs Cheryl Jones and Robert Aivles filed an action against Defendants SmithKline Beecham Corp. dba GlaxoSmithKline ("GSK"), Walgreen Co., McKesson Corp., Dispense Xpress, Inc. ("Dispense"), and Does 1-50 in Los Angeles Superior Court on March 28, 2008. (Notice of Removal ("Removal") ¶ 1.)

Plaintiffs allege that Jones' ingestion of the prescription drugs Paxil and/or Paxil CR during pregnancy led to the death of their son. (Decl. of Kate E. Gillespie, Esq. ("Gillespie Decl.") Ex. 1 ¶ 1.) Plaintiffs bring 16 causes of action: negligence and negligence *per se*, negligent pharmaco-vigilance, strict liability, failure to warn, breach of express and implied warranties, fraud, negligent infliction of emotional distress, negligent design, deceit by concealment under Cal. Civ. Code §§ 1709 and 1710, negligent misrepresentation, strict products liability/sale of defective product, negligence/failure to warn, medical malpractice (as to Does 21-50), general negligence (as to Does 21-50), and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

survival.  (Id. ¶¶ 36-137.)

Plaintiffs Jones and Aivles are both California residents.[1]  (Id. ¶¶ 8-9.)  McKesson is a Delaware corporation with its principal place of business in San Francisco.  (Removal ¶ 7.)  Dispense is a California corporation with its principal place of business in Burbank.  (Id.)

On June 13, 2008, Defendants removed the action pursuant to 28 U.S.C. §§ 1332 and 1441(a).  On July 16, 2008, Plaintiffs filed this Motion to Remand.

## II.  LEGAL STANDARD

A defendant is entitled to remove to federal court any civil action over which the federal court has original jurisdiction.  28 U.S.C. § 1441.  But federal courts "strictly construe the removal statute against removal jurisdiction. . . .  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. . . .  The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).

## III.  DISCUSSION

GSK asserts that joinder of McKesson and Dispense is fraudulent because: (1) Plaintiffs have not alleged an adequate causal connection between Plaintiffs' alleged injuries and McKesson and Dispense (Opposition to Motion to Remand ("Opp'n") 4-9), and (2) Plaintiffs do not have a cause of action under California law against McKesson or Dispense.  (Id. at 9-14.)  GSK claims that "Plaintiffs named McKesson and Dispense Xpress as 'sham' Defendants in an effort to destroy diversity and prevent this action from being removed to federal court."  (Removal ¶ 8.)

The fraudulent joinder doctrine requires courts to disregard the citizenship of defendants when no viable cause of action has been stated against them, or when evidence presented by the removing party shows that there is no factual basis for the

---

[1] Diversity jurisdiction is based on citizenship, not residency.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  Defendants allege that Plaintiffs are "citizens" of California, referring to paragraphs 8-9 in Exhibit 1 of the Gillespie Declaration.  (Removal ¶ 6.)  Parties must allege their jurisdictional allegations in terms of citizenship and not residency.  As the Court is granting Plaintiffs' Motion to Remand, the Court will not address this issue further.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

claims alleged against the defendants. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). For the reasons stated below, the Court finds that McKesson and Dispense have not been fraudulently joined; thus complete diversity does not exist between the parties.

**A.      Plaintiffs Have Sufficiently Alleged a Causal Connection**

GSK asserts that Plaintiffs have not alleged an adequate causal connection between Plaintiffs' claimed injuries and McKesson and Dispense's alleged wrongdoing. (Opp'n 4-5.) Not so. Plaintiffs have specifically alleged that "McKesson Corporation was, and still is, a wholesale distributor of GSK products, including PAXIL, involved in distribution, supplying, marketing, promotion, and/or selling the prescription drug known as PAXIL . . . , an antidepressant, throughout the United States and the State of California." (Gillespie Decl. Ex. 1 ¶ 11.) Plaintiffs have alleged that "Dispense . . . was, and still is, a pharmacy and/or retail outlet selling of [sic] GSK products, including PAXIL, involved in distribution, supplying, marketing, promotion and/or selling the prescription drug known as PAXIL . . . , an antidepressant, throughout the United States and the State of California."[2] (Id. ¶ 13.)

Plaintiffs have also alleged that "PAXIL was tested, studied, researched, evaluated, endorsed, licensed, designed, formulated, compounded, manufactured, produced, processed, assembled, inspected, distributed, marketed, sold, labeled, promoted, packaged, advertised for sale, prescribed or otherwise placed into the stream of commerce by Defendants [GSK]; McKesson Corporation; Walgreen Company; Dispense Xpress, Inc.; and Does 1 through 50. This action seeks, among other relief, general and special damages and equitable relief." (Id. ¶ 22.)

GSK contends that Plaintiffs' "generic allegations against multiple defendants are insufficient. . . ." (Opp'n 7.) GSK notes that besides paragraphs 11, 13, and 22, all of the remaining causes of action in the Complaint are against "Defendants." (Id.) Such general allegations against "Defendants" are sufficient under the liberal pleading requirements of Federal Rule of Civil Procedure 8.[3] See Plute v. Roadway Package Sys.,

---

[2] Plaintiffs seem to acknowledge that Dispense is not a pharmacy: "Distributors such as McKesson and Dispense, unlike pharmacists, are liable for a failure to warn." (Mot. to Remand at 11:21-22). It is sufficient for purposes of the Motion to Remand that Plaintiffs allege that Dispense is a distributor.

[3] GSK's reference to the more specific pleading requirements in the toxic tort context is unavailing. (Opp'n 8-9.) GSK fails to cite any authority to support the proposition that the pleading standards of toxic tort cases apply to prescription drug cases, and the Court is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

Inc., 141 F. Supp. 2d 1005, 1010 n.4 (N.D. Cal. 2001) (citing Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994)). Courts are to "assume that all general allegations embrace whatever specific facts might be necessary to support them." Peloza, 37 F.3d at 521.

The analysis would not change even if the Court were to accept GSK's portrayal of Plaintiffs' allegations as "bare-bones." (Opp'n 7.) "[I]n any removal action, doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Lewis v. Time Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979).

Thus, Plaintiffs have adequately alleged a causal connection between their alleged injury and McKesson and Dispense's alleged conduct.

**B. Defendants Have Not Established That There Is No Possibility That Plaintiffs Can Prevail Against McKesson or Dispense**

GSK argues that Plaintiffs do not have a cause of action under California law against McKesson or Dispense. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

However, even "doubtful question[s] of state law should be tried in the state court and not determined in removal proceedings." Smith v. S. Pacific Co., 187 F.2d 397, 402 (9th Cir. 1951); see also Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990) ("[When] judging fraudulent joinder claims[,] . . . all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, [then] the court determines whether that party has any possibility of recovery against the party whose joinder is questioned."). As noted, "[t]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566. Defendants have not overcome this strong presumption.

Plaintiffs allege that McKesson and Dispense are subject to strict liability. (Gillespie Decl. Ex. 1 ¶¶ 49-55; Mot. to Remand 10-11.) GSK acknowledges that the general rule in California is that manufacturers as well as distributors are strictly liable for injuries caused by a defective product. (Opp'n 9.) "The doctrine of strict products liability imposes strict liability in tort on *all* of the participants in the chain of distribution of a defective product." Bostick v. Flex Equip. Co., Inc., 147 Cal. App. 4th 80, 88 (2007) (emphasis added); see also Vandermark v. Ford Motor Co., 61 Cal. 2d 256, 262-63

---

persuaded that they are similar enough to share common pleading requirements.

(1964) (extending strict liability doctrine from manufacturers to distributors of defective products).

Also, California law does not clearly exempt distributors from strict liability in prescription drug cases. Other courts have reached the same conclusion. See <u>Maher v. Novartis Pharm. Corp.</u>, 2007 WL 2330713, at *4 (S.D. Cal. Aug. 13, 2007) ("This Court has been unable to find, nor has either party cited, a case under California law which creates an exception in strict liability for distributors in prescription drug cases."). And while the "California Supreme Court has recognized an exception in strict liability for pharmacists in prescription drug cases . . . , it has not addressed liability in prescription drug cases for distributors and other potential defendants in the 'commercial chain.'" <u>Id.</u> Thus, there is at least the possibility of Plaintiffs having a cause of action in strict liability against distributors such as McKesson and Dispense.[4]

The Court cannot say that under California law there is no possibility that Plaintiffs can recover against Defendants.[5] GSK has failed to establish that McKesson and

---

[4] GSK also asserts that under the "'learned intermediary doctrine,' distributors such as McKesson and Dispense owe no duty to individual patients" because "the pharmaceutical company, not the distributor, has a duty to warn physicians of the risks associated with pharmaceuticals . . . ." (Opp'n 12.) But the doctrine does not "prevent Plaintiff from stating a claim against [a distributor] where Plaintiff has alleged that [the distributor] failed to properly warn physicians, including Plaintiff's physician." <u>Maher</u>, 2007 WL 2330713 at *4. Plaintiffs have so alleged here. (Gillespie Decl. Ex. 1 ¶¶ 62-65.)

GSK's additional argument that McKesson and Dispense had no duty to warn Plaintiffs because McKesson and Dispense could not "have given additional or different warnings without violating federal law" because the Food and Drug Administration ("FDA") regulates the contents of warning labels (Opp'n 13) is also unavailing. The California Supreme Court is "unpersuaded by [the argument] that a strict liability standard for failure to warn . . . is inconsistent with federal regulatory policy [because] because FDA regulations do not expressly preempt common law tort remedies for failure to warn or occupy the entire field of regulation. . . . Congress evinced no intention of preempting state tort liability for injuries from prescription drugs." <u>Carlin v. Superior Court</u>, 13 Cal. 4th 1104, 1113 (1996).

[5] In any event, the Court has alternative grounds for remanding this case to state court. The Court would have granted Plaintiffs' Motion for Leave to File First Amended Complaint. Doing so would have allowed Plaintiffs to join non-diverse defendants to the suit. See <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1068 (9th Cir. 2001) ("Once removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party. 28 U.S.C. § 1447(e) provides that if after removal the plaintiffs seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.") (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS - 6

Dispense were fraudulently joined and has not overcome the strong presumption against removal jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Remand to State Court is GRANTED.  The Court REMANDS this action to the Superior Court of California, County of Los Angeles.  Plaintiffs' Motion for Leave to File First Amended Complaint is DENIED as moot.

IT IS SO ORDERED.